UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JAMES A. HARNAGE,  Plaintiff, | : : : : : : : : | Civil No. 3:17-cv-263 (AWT) |
| v. |  |  |
| RIKEL LIGHTNER, et al.,  Defendants. |  |  |

RULING AND ORDER

The plaintiff, James A. Harnage, filed this action against the defendants alleging deliberate indifference to serious medical needs relating to an abdominal hernia. On May 9, 2018, the court denied the plaintiff's motion for leave to file a second amended complaint. The court cited inordinate delay and prejudice to the defendants as reasons for denying the motion. ECF No. 40 at 3-5. The plaintiff now seeks reconsideration of that order.

The standard for granting a motion for reconsideration is strict. Reconsideration is warranted only if the moving party can identify controlling decisions or data the court overlooked that would reasonably be expected to alter the court's decision. See Omparah v. New York City Dep't of Educ., 670 F. App'x 25, 26

(2d Cir. 2016) (citing Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

In his motion, the plaintiff does not identify any controlling law or data that the court overlooked.  Rather, he appears dissatisfied with the court's decision and is attempting to reargue his motion for leave to amend.  This is not the proper use for a motion for reconsideration.  See Rienzi & Sons, Inc. v. Pugilisi, 638 F. App'x 87, 92 (2d Cir. 2016) (motion for reconsideration is "not vehicle for relitigating old issues" or "taking a second bite at the apple")(quoting Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

The plaintiff's motion for reconsideration [ECF No. 41] is hereby DENIED.

It is so ordered.

Signed this 11th day of July 2018 at Hartford, Connecticut.

/s/AWT<br>
Alvin W. Thompson<br>
United States District Judge