UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JAMES A. HARNAGE, | : | |
| Plaintiff, | : | |
|  | : | Civil No. 3:17-cv-263 (AWT) |
| v. | : | |
|  | : | |
| RIKEL LIGHTNER, et al., | : | |
| Defendants. | : | |
|  | : | |

RULING AND ORDER

The plaintiff, James A. Harnage, filed this action against the defendants alleging deliberate indifference to serious medical needs relating to an abdominal hernia. On June 14, 2018, the defendants deposed the plaintiff. After asking questions about the incidents underlying this action, counsel questioned the plaintiff about his current conviction. The plaintiff refused to answer those questions arguing that any information elicited would be inadmissible at trial. As a result, counsel left the deposition open.

This has resulted in the parties filing three motions. The plaintiff has filed an emergency motion to terminate and limit his deposition and an emergency motion in limine. The defendants have filed an objection to the plaintiff's motions

and a motion for leave to file discovery enforcement motions outside the discovery period should that become necessary.

The plaintiff filed his motion to limit or terminate the deposition under Rule 30(d)(3), Fed. R. Civ. P., which provides: "At any time during a deposition, a deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."  He argues that information regarding his current conviction would not be admissible and is not relevant to this case.  Thus, the plaintiff concludes that the questions were intended to annoy, humiliate and harass him.

The defendants may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  Rule 26(b)(1), Fed. R. Civ. P.  The information need not be admissible at trial to fall within the scope of permitted discovery.  Id.  Thus, the fact that a judge may exclude this information from a trial does not render the questions inappropriate for a deposition.

The defendants contend that the information is relevant under Federal Rule of Evidence 609, which provides that

information regarding a criminal conviction is relevant for attacking a witness' character or truthfulness.  The court agrees.  As the evidence is relevant, it is discoverable.  The plaintiff's motion to limit or terminate the deposition is being denied.

The plaintiff has filed a motion in limine to preclude the defendants from introducing at trial any reference to the nature of his conviction.  The defendants object to this motion on the ground that it is premature.  Motions in limine are filed in advance of trial to enable the court to rule on the admissibility or relevance of evidence.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  As no trial has yet been scheduled in this case, the plaintiff's motion is premature.  See Jones v. Harris, 665 F. Supp. 2d 384, 404 (S.D.N.Y. 2009) (denying motion in limine without prejudice as premature because "in limine motions deal with evidentiary matters and are not to be filed until the eve of the trial").  The plaintiff's motion is being denied without prejudice.  He may refile his motion if a trial is scheduled in this case.

Finally, the defendants move for leave to file discovery enforcement motions outside the discovery period should that become necessary.  The discovery period ended on June 17, 2018.

The plaintiff was served with written discovery requests during the discovery period to which he has not yet responded.  As the response time for those requests had not expired at the close of discovery, the defendants ordinarily could not file a motion regarding these requests if the plaintiff does not respond.  In addition, the defendants note that the deposition has been left open and, if a trial is scheduled in this case, they would seek leave to complete the deposition to obtain the plaintiff's answers to the questions he refused to answer on June 14, 2018.  The defendants note that they intend to timely file a motion for summary judgment in this case and, depending on the decision on that motion, discovery enforcement motions may not be necessary.  As the filing of this motion was precipitated, in part, by the plaintiff's refusal to complete the deposition, the defendants' motion is being granted.  The scope of any enforcement motions is, however, limited to the deposition and the June 14, 2018 discovery requests.

   The plaintiff's motion to terminate and limit his deposition [ECF No. 47] is hereby DENIED.  His motion in limine [ECF No. 48] is hereby DENIED without prejudice.  The defendants' objection [ECF No. 52] is SUSTAINED and their motion for leave to file discovery enforcement motions [ECF No. 49] is

hereby GRANTED.

It is so ordered.

Signed this 11th day of July 2018 at Hartford, Connecticut.


				/s/AWT
				Alvin W. Thompson
				United States District Judge