UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
JAMES A. HARNAGE              :    Civ. No. 3:17CV00263(AWT)
                              :
v.                            :
                              :
RIKEL LIGHTNER, et al.        :    December 27, 2018
                              :
------------------------------x
```

## RULING ON MOTIONS TO COMPEL RESPONSES RE: INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO RIKEL LIGHTNER (Docs. #87, #88, #89, #92, #93)

Self-represented plaintiff James A. Harnage ("plaintiff") has filed five motions to compel, collectively seeking an order compelling defendant Rikel Lightner ("defendant" or "Lightner") to "respond to the Plaintiffs Interrogatories and Request For Production and perfect Defendant Lightner's Supplemental Responses." Doc. #87 at 1 (sic); see also Docs. #88 at 1, #89 at 1, #92 at 1, #93 at 1 (hereinafter collectively referred to as the "motions to compel"). For the reasons set forth below:

Plaintiff's motion to compel volume one [**Doc. #87**] is **GRANTED, in limited part, and DENIED, in large part**;

Plaintiff's motion to compel volume two [**Doc. #88**] is **GRANTED, in limited part, and DENIED, in large part**;

Plaintiff's motion to compel volume three [**Doc. #89**] is **DENIED**;

Plaintiff's motion to compel volume four [**Doc. #92**] is **GRANTED, in limited part, and DENIED, in large part**; and

Plaintiff's motion to compel volume five [**Doc. #93**] is **DENIED**.

## I.  <u>Background</u>

Plaintiff brings this action pursuant to 42 U.S.C. §1983. <u>See generally</u> Doc. #23, Amended Complaint. Plaintiff asserts that he was denied appropriate medical care for his abdominal hernia. <u>See generally</u> <u>id.</u> Plaintiff asserts that the named defendants were deliberately indifferent to his medical needs in that regard. <u>See generally</u> <u>id.</u> On November 16, 2017, Judge Alvin W. Thompson issued an initial review order addressing the allegations of the Amended Complaint. <u>See</u> Doc. #24. In addition to re-affirming the prior dismissal of defendant Shari, Judge Thompson dismissed defendants Rob, Francis, Caldonero, Caroline, Nikki, Marissa, Miya, James, and Jane and John Does, because "[t]he allegations against these defendants still fail to show that any of these defendants were informed of the plaintiff's medical needs and acted or failed to act in response to that information." <u>Id.</u> at 9. Judge Thompson also dismissed defendant Dr. Wu because plaintiff's allegations "that Dr. Wu initiated a policy of ignoring, denying or delaying medical treatment for financial reasons[] ... are mere conjecture ... [and] not plausible[.]" <u>Id.</u> at 24.

Judge Thompson permitted the Amended Complaint to proceed against defendants Lightner, P.A. McChrystal, and Dr. Pillai. See id. at 9-10. With respect to defendant Lightner, plaintiff alleges that he "repeatedly sought treatment from the defendants to repair" his abdominal hernia, "including the submission of Inmate Request Forms" on numerous dates "directly to Lightner[.]" Doc. #23, Amended Complaint at ¶33. Judge Thompson determined that said allegation, if proven, would be "sufficient to demonstrate that defendant Lightner was aware of [plaintiff's] concerns[]" and that "[t]aken together with the plaintiff's allegations that no treatment was provided, ... states a plausible claim for denial of treatment." Doc. #24 at 10.

As to defendants Dr. Pillai and P.A. McChrystal, plaintiff alleges that he was seen by Dr. Pillai on April 25, 2014, when Dr. Pillai "finally requested a surgical consult." Doc. #23, Amended Complaint at ¶39. On May 5, 2014, the Utilization Review Committee ("URC") denied that request. See id. at ¶40. Plaintiff further alleges that he "continued seeking repair of the hernia and was seen again on December 22, 2014 and February 4, 2015 by Pillai and McChrystal who recommended surgical correction." Id. at ¶41. Plaintiff received surgical correction of his abdominal hernia on September 1, 2015. See id. at ¶42. Judge Thompson determined that the foregoing allegations "are sufficient to put

defendants Pillai and McChrystal on notice of when the
examinations occurred and what actions are the subject of this
action. There is a question regarding the seriousness of the
plaintiff's condition and whether the defendants understood the
seriousness and possible effects of providing no treatment,
which supports a plausible deliberate indifference claim." Doc.
#24 at 10. Thus, the only claims that remain in this matter are
"the deliberate indifference to medical needs claims against
defendants Lightner, Pillai and McChrystal." Id. at 11.

The Court presumes familiarity with the procedural
background leading to this point in the proceedings. After
plaintiff filed the motions now at issue, plaintiff and counsel
for defendants engaged in several teleconferences in an attempt
to resolve discovery-related disputes in this and plaintiff's
other pending federal cases. See Docs. #102, #108. On October
29, 2018, the parties filed a Joint Status Report detailing the
results of their efforts. [Doc. #102]. A Joint Supplemental
Status Report was then filed on December 5, 2018. [Doc. #108].
Those status reports represent that several of the disputed
requests raised in plaintiff's motions have been resolved by
agreement of the parties. See generally Doc. #108 at 7-9.

Bearing the above in mind, the Court turns to plaintiff's
motions to compel.

## II. **Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he burden of demonstrating relevance remains on the party seeking discovery." Bagley v. Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016) (citation omitted), as amended (June 15, 2016); Republic of Turkey v. Christie's, Inc., 326 F.R.D. 394, 400 (S.D.N.Y. 2018) (same). Once the party seeking discovery has demonstrated relevance, the burden then shifts to "[t]he party resisting discovery ... [to] show[] why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009) (alterations added).

## III. **Discussion**

Plaintiff's five motions to compel are directed to Lightner's objections and supplemental responses to plaintiff's interrogatories and requests for production. The Court addresses each motion in turn.

A. <u>Motion to Compel Volume One [Doc. #87]</u>

Volume one of plaintiff's motion to compel addresses Lightner's objections and supplemental responses to interrogatories 1 through 10. <u>See generally</u> Doc. #87.

Plaintiff first takes issue with Lightner's objections to the instructions and definitions preceding plaintiff's written discovery requests. <u>See</u> Doc. #87 at 1, 3.[1] Plaintiff contends that the "federal and local rules allow the plaintiff to define terms to be used in discovery." <u>Id.</u> at 3. Plaintiff fails to support that assertion with any citation to the Federal or Local Rules. Regardless, the Court does not have the benefit of plaintiff's instructions and therefore cannot properly assess defendant's objections thereto. <u>See</u> Doc. #87 at 85 (objection to plaintiff's instructions and definitions). However, the Court notes that to the extent defendant generally objects to the instructions and definitions on the basis of the attorney-client privilege or work-product protection, such objections are not properly asserted and do not comply with the Federal Rules of Civil Procedure. <u>See</u> <u>P. & B. Marina, Ltd. P'ship v. Logrande</u>, 136 F.R.D. 50, 53–54 (E.D.N.Y. 1991) ("The party claiming the privilege has the burden of establishing the attorney-

---

[1] Throughout this ruling, any reference to a document's page number refers to the page number reflected in the ECF header of the document cited.

client relationship and the applicability of the privilege to
the particular circumstances and discovery requests. A general
allegation or blanket assertion that the privilege should apply
is insufficient to warrant protection." (internal citations
omitted)), aff'd sub nom. P&B Marina Ltd. v. LoGrande, 983 F.2d
1047 (2d Cir. 1992). Accordingly, to the extent any documents
have been withheld on such a basis, defendant shall assert the
privilege for each request to which it applies, and provide
plaintiff with a privilege log that complies with the Local and
Federal Rules of Civil Procedure.

Plaintiff takes issue with defendant's supplemental
responses to interrogatories 2.c. and 2.d. See Doc. #87 at 3.
The Court has reviewed those interrogatories and defendant's
objections and supplemental responses thereto. See id. at 197.
The Court sustains defendant's objection to interrogatory 2.c.
Although plaintiff states he requires the information in
interrogatory 2.c. -- "[t]he current and last known contact
source or agent(s)" -- to "investigate any of defendants
employment history[,]" Doc. #87 at 3 (sic), defendant Lightner
has already provided information concerning her employment
history, including the names of her current and prior
supervisors and the address of her current and prior employers,
and has stated that she "has never left or separated from a job
in the medical field for reasons related to misconduct or

wrongdoing or alleged misconduct or wrongdoing." Id. at 198. Accordingly, the Court will not require defendant to provide any further response to subpart 2.c. The Court will, however, require defendant to supplement her response to interrogatory 2.d. Defendant Lightner shall identify her job duties for each of the jobs listed in interrogatory 2. To the extent defendant seeks to rely on a document to provide that information, defendant shall specifically state the name of the document(s) upon which she relies, and provide a copy of that document(s) to plaintiff.

Plaintiff next takes issue with defendant's responses to interrogatories 3 and 4. See Doc. #87 at 5, 7, 9. The parties represent that the dispute regarding interrogatories 3 and 4 has been resolved. See Doc. #108 at 8. Accordingly, the Court does not reach the merits of plaintiff's motion to compel as to interrogatories 3 and 4.

As to interrogatory 5, defendant posed several objections and did not provide any answer. See Doc. #87 at 92-94. In addition to five subparts, interrogatory 5 requests defendant to: "Identify the procedures employed by you, at any time between September 13, 2013 through July 2016, at the MacDougall Correctional Institute[.]" Id. at 92. Interrogatory 5 is over broad in both substantive and temporal scope. It therefore necessarily implicates production of information that is not

relevant to the claims remaining in this case. Interrogatory 5 is also vague as it is unclear what plaintiff means by "procedures employed[.]" Id. Thus, the Court sustains defendant's objections to interrogatory 5 on the grounds that it is overbroad, vague, and seeks information that is not relevant to this case.

As to interrogatory 6, defendant posed several objections and did not provide any answer. See id. at 94-98. In addition to several subparts, interrogatory 6 requests defendant to: "Identify all of your immediate supervisors and any notices, orders, restrictions or publications by either regarding the renewal or refill of inmate prescriptions or that of the plaintiff[.]" Id. at 94 (sic). Plaintiff contends, without explanation, that the information sought by interrogatory 6 and each of its subparts is "relevant to the central issues of this action." Doc. #87 at 19, 21, 23, 25. As stated above, the claims remaining in this case relate to the alleged lack of medical care plaintiff received for his abdominal hernia. Those claims do not implicate the renewal or refill of inmate prescriptions. Plaintiff has not sustained his burden of establishing that the information sought in interrogatory 6 is relevant to the claims remaining in this case. Thus, the Court sustains defendant's objection to interrogatory 6 on the ground that it seeks information that is not relevant to this case.

Plaintiff next takes issue with defendant's response to interrogatory 7, and its related subparts. See Doc. #87 at 27, 29, 31, 33. The Court has reviewed defendant Lightner's response to this interrogatory; it is sufficient and properly narrowed based on the law applicable to requests of this nature. See, e.g., Frails v. City of New York, 236 F.R.D. 116, 117-18 (E.D.N.Y. 2006). Indeed, in several other of plaintiff's federal cases, the Court has limited almost verbatim discovery requests in a manner similar to which defendant has narrowed her response. See, e.g., Harnage v. Wu, No. 16CV1543(AWT) (hereinafter "Harnage I"), Doc. #141, slip op. at 11 (D. Conn. May 7, 2018); Harnage v. Pillai, No. 17CV355(AWT), Doc. #39, slip op. at 7 (D. Conn. June 1, 2018). Accordingly, the Court will require no further response to interrogatory 7.

Plaintiff takes issue with defendant's response to interrogatory 8. See Doc. #87 at 35. The parties represent that the dispute regarding interrogatory 8 has been resolved. See Doc. #108 at 8. Accordingly, the Court does not reach the merits of plaintiff's motion to compel as to interrogatory 8.

As to interrogatory 9, defendant Lightner posed several objections and did not provide any answer. See Doc. #87 at 103-07. In addition to several subparts, interrogatory 9 requests: "If you claim you were acting under the orders of any person or institution during any of the activities you have, or will have

described either above or below, identify each such person or institution and state exactly and in detail each such order[.]" Id. at 103. Plaintiff asserts that interrogatory 9 seeks "information [that] is relevant to the central issues of this action. ... The information will show habit, routine practice and policies." Id. at 37, 39. The Court does not agree that the information sought would demonstrate defendant Lightner's habits or routine practices. Thus, plaintiff has not demonstrated the relevance of the information sought by interrogatory 9, and the Court sustains defendant's objection to interrogatory 9 on the ground that it seeks information that is not relevant to this case.

Plaintiff takes issue with defendant's response to interrogatory 10. See Doc. #87 at 45, et seq. The parties represent that the dispute regarding interrogatory 10 has been resolved. See Doc. #108 at 8. Accordingly, the Court does not reach the merits of plaintiff's motion to compel as to interrogatory 10.

Thus, for the reasons stated, plaintiff's motion to compel volume one [**Doc. #87**] is **GRANTED, in limited part, and DENIED, in large part**.

### B. Motion to Compel Volume Two [Doc. #88]

Volume two of plaintiff's motion to compel addresses Lightner's responses and objections to interrogatories 11, 17,

18, 19, and 20. <u>See generally</u> Doc. #88.[2] The Court addresses each
in turn.

Plaintiff takes issue with defendant's response to
interrogatory 11. Doc. #88 at 1-3. The parties represent that
the dispute regarding interrogatory 11 has been resolved. <u>See</u>
Doc. #108 at 8. Accordingly, the Court does not reach the merits
of plaintiff's motion to compel as to interrogatory 11.

Plaintiff next takes issue with defendant's response to
interrogatory 17. <u>See</u> Doc. #88 at 3-4. Interrogatory 17 asks:
"Have you, at any time in the past Twenty (20) years; been
accused by anyone, without limit: of any professional, moral,
ethical and/or medical misconduct, without any limit; including
by employer(s), fellow employee(s), inmate(s), or otherwise?"
Doc. #87 at 129-30 (sic). Defendant objected to interrogatory 17
on several grounds, including that it is overbroad, unduly
burdensome and seeks information that is not relevant to the
claims in this case. <u>See</u> <u>id.</u> at 130. Defendant Lightner provided
the following answer to interrogatory 17 in her supplemental
responses: "[T]he defendant has never been disciplined by DOC or
CMHC or found liable in a civil action for deliberate
indifference to serious medical need of an inmate." <u>Id.</u> at 262.

---

[2] Plaintiff's motion does not take issue with the responses to
interrogatories 12, 13, 14, and 15. Regardless, the Joint
Supplemental Status Report states that any issues regarding
those interrogatories have been resolved. <u>See</u> Doc. #108 at 8.

Defendant Lightner's response to this interrogatory is sufficient and properly narrowed. See, e.g., Harnage I, slip op., Doc. #141 at 11; Pillai, slip op., Doc. #39 at 7. The Court will require no further response.

Plaintiff next seeks to compel responses to the subparts of interrogatory 18. See Doc. #88 at 5-15. Interrogatory 18 asks: "Does CMHC have a pre-designated list of medications that it categorizes as 'Non-Formulary', which medical staff are ordered to not prescribe for inmate patients?" Doc. #87 at 138. Defendant objected to this interrogatory and its nine subparts on several grounds, including that it is over broad in scope, unduly burdensome, and seeks information not relevant to the claims in this case. See id. Notwithstanding those objections, defendant provided the following supplemental response to interrogatory 18: "[T]he defendant has no personal knowledge of current CMHC practices, if any. To the best of the defendant's knowledge and recollection, she was not aware of a 'non-formulary list' while she worked at CMHC, but instead knew of a formulary medication list." Id. at 263. Plaintiff does not take issue with that response; rather, he takes issue with defendant's objections to each of the nine subparts proceeding interrogatory 18. See Doc. #88 at 5-15. Each of those nine subparts relates to the designations of medications as formulary or non-formulary within CMHC. See Doc. #87 at 138-49. Plaintiff

generally contends that the information sought by each subpart is "relevant to the central issues of this action." <u>See</u> Doc. #88 at 6-15. The information sought by each of interrogatory 18's subparts is not relevant to the claims remaining in this case. The remaining claims in the Amended Complaint do not relate to the designation of medications, but rather to the alleged lack of treatment for plaintiff's abdominal hernia. Accordingly, the Court sustains defendant's objection on the ground of relevance, and will not require defendant Lightner to provide any additional response.

Plaintiff seeks to compel responses to interrogatory 19 and each of its nine subparts. <u>See</u> Doc. #88 at 16-27. Interrogatory 19 requests defendant to: "Identify each medical staff member working at the MacDougall Correction Institute from September 13, 2013 through July 2016[.]" Doc. #87 at 150 (sic). The subparts of that interrogatory then request defendant Lightner to, <u>inter</u> <u>alia</u>: state each individual's first and last name; list the shift worked by each individual; list the title, position and duties of each individual; list any grievances filed against that individual; list any disciplinary action taken by the DOC or CMHC against each individual; and identify the signature and initials of each staff member in plaintiff's medical records. <u>See</u> <u>id.</u> at 150-61. Defendant objected to this interrogatory and each subpart on several grounds, including

that it is over broad, unduly burdensome and seeks information that is not relevant to, or proportional to the needs of, the case. See id. Plaintiff contends, without explanation, that the information sought is "relevant to the central issues of this action." See Doc. #88 at 16-27. Plaintiff has not sustained his burden of establishing that the information sought is relevant to the claims remaining in this case. Nor has plaintiff indicated how the discovery sought is important to resolve any pending issues. See Fed. R. Civ. P. 26(a)(1). There are no John or Jane Doe defendants who remain to be identified. Accordingly, the Court sustains defendant Lightner's objections to interrogatory 19 and will not require her to respond thereto.[3]

Plaintiff seeks to compel responses to interrogatory 20 and each of its six subparts. See Doc. #88 at 27-38. The parties

---

[3] Although the Court does not reach this issue, it appears that plaintiff's use of subparts abuses the limits of Rule 33. "A subpart is discrete and therefore regarded as a separate interrogatory when it is logically or factually independent of the question posed by the basic interrogatory." Thompson v. Lantz, No. 3:04CV2084 AWT, 2009 WL 3157563, at *1 (D. Conn. Sept. 25, 2009) (citation omitted); see also Bartnick v. CSX Transp., Inc., No. 1:11CV1120 (GLS)(TRF), 2012 WL 1565057, at *2 (N.D.N.Y. Apr. 27, 2012) ("[I]f the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first question and not factually subsumed within and necessarily related to the primary question."). Many of the subparts in plaintiff's interrogatories are discrete, "which should be counted as separate questions." Thompson, 2009 WL 3157563, at *1. When those discrete subparts are counted, plaintiff's interrogatories well exceed the number permitted by Rule 33.

represent that interrogatory 20 "is resolved in part[.]" Doc.
#108 at 8. The parties do not otherwise detail how this
interrogatory remains disputed. Accordingly, the Court addresses
interrogatory 20 in its entirety. Interrogatory 20 asks
defendant: "Have you at any time, spoken with any person about
the medical care being provided to the plaintiff, or had any
communications of any kind; excluding any communications with
counsel in preparation of a defense to this action, which would
be protected by the attorney-client privilege." Doc. #87 at 161.
Defendant Lightner objected on various grounds, including that
this interrogatory is: over broad as it is not limited in time
or duration; vague in that it "arguably seeks disclosure of any
communication Lightner has ever had with anyone ever, except
with her attorney in this case[;]" and seeks information that is
not relevant to the claims remaining in this case. Id.
Notwithstanding those objections, defendant Lightner provided
the following supplemental response:

> [T]he defendant believes that she has had communications
> with people regarding plaintiff's medical care. The
> defendant does not recall any specific oral, spoken
> communications. Nor does the defendant recall specifics
> regarding written communication, whether electronic or
> in hard copy. Plaintiff is referred to his medical chart
> or other records provided to him in this or other
> litigation.

Doc. #87 at 265. Plaintiff generally claims that the information
sought by interrogatory 20 "is relevant to essential elements of

this action." See Doc. #88 at 29-38. Interrogatory 20 is over broad as framed in both temporal and substantive scope. The Court sustains defendant's objections on those grounds. Nevertheless, defendant's response to this request is deficient in that she generally refers plaintiff to records which have previously been produced. Defendant Lightner shall supplement this response to identify specifically where in the previously produced documents plaintiff may locate defendant's written communications which relate to the time frame and remaining claims of this case. See Fed. R. Civ. P. 33(d)(1); see also Brown, 2016 WL 2743486, at *4.[4]

Thus, for the reasons stated, plaintiff's motion to compel volume two [**Doc. #88**] is **GRANTED, in limited part, and DENIED, in large part.**

C. Motion to Compel Volume Three [Doc. #89]

Volume three of plaintiff's motion to compel addresses Lightner's responses and objections to interrogatories 21 and 22. See generally Doc. #89. The Court addresses each in turn.

Plaintiff seeks to compel a response to interrogatory 21 and each of its six subparts. See id. at 1-15. Interrogatory 21 asks: "Do CMHC 'Medication Distribution Logs' have on their back

_____

[4] The parties have reached an agreement concerning the production of emails in this and plaintiff's other pending federal cases. See Doc. #102 at 4-5; Doc. #108 at 4-5.

sides, a location wherein staff members are required to print their names, sign and then write an exemplar of their initials, when they have made an entry into the medication distribution log for the month." Doc. #87 at 170; see also id. at 171-79 (subparts). Defendant objected to interrogatory 21 and each of its subparts on various grounds, including that it is over broad in scope, unduly burdensome, and seeks information that is not relevant to the claims in this case. See id. at 170-79. Notwithstanding those objections, defendant provided the following supplemental response: "[T]he defendant has no knowledge of 'CMHC medication distribution logs' nor does she have personal knowledge of any current CMHC practices, if any." Id. at 275. Plaintiff fails to provide any explanation of how the information sought by interrogatory 21 is relevant to the claims that remain in this case. See Doc. #89 at 3. He fails to meet his burden in that regard. Accordingly, the Court sustains defendant's objection to this interrogatory on the ground of relevance, and will not require her to respond further.

Plaintiff seeks to compel a response to interrogatory 22 and each of its nine subparts. See Doc. #89 at 16-34. Interrogatory 22 asks: "Have you, or anyone known to you, authorized medical staff at MacDougall to refrain from wearing their employee identification badges for any reason?" Doc. #87 at 180; see also id. at 181; 252-61 (subparts). Defendant

objected to interrogatory 22 and each of its subparts on grounds that it is over broad and unduly burdensome because it is not limited in time or scope, and that it seeks information that is not relevant to the claims remaining in this case. See id. Plaintiff asserts that the information sought by interrogatory 22 and its subparts are relevant to "essential elements of this action[,]" or to "central issues of this action." Doc. #89 at 17-18, 20, 22-23, 25, 27-28, 30, 32, 33. Contrary to that assertion, the issues that remain in this case relate to the alleged failure to treat plaintiff's abdominal hernia. There are no allegations concerning the concealment of staff members' identities. Accordingly, the Court sustains defendant's objection on the ground that interrogatory 22 and its subparts seek information that is not relevant to the claims in this case.

Thus, for the reasons stated, plaintiff's motion to compel volume three [**Doc. #89**] is **DENIED**.

### D. Motion to Compel Volume Four [Doc. #92]

Volume four of plaintiff's motion to compel addresses Lightner's responses and objections to interrogatories 23 and 24, and requests for production 1, 2, 3, 6, 7, 8, 9, 10, 11, 12,

13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23. <u>See generally</u>
Doc. #92.[5] The Court addresses each in turn.

### 1. Interrogatories

Plaintiff seeks to compel additional responses to
interrogatory 23 and each of its five subparts. <u>See</u> Doc. #92 at
1-10. Interrogatory 23 asks: "What policy and practices does
CMHC, you and medical staff employ to delegate, assign and
record the collection of inmate request forms, from the medical
mailboxes within each housing unit, including the processing
thereof[.]" Doc. #87 at 250. Defendant Lightner objected to
interrogatory 23 and each of its subparts on several grounds,
including that it is over broad, unduly burdensome, and seeks
information that is not proportional to the needs of the case.
<u>See</u> Doc. #87 at 249. Defendant also provided the following
supplemental response:

> [T]he defendant has no personal knowledge of any current
> CMHC practices, if any. To the best the defendant can
> remember, while she worked for CMHC the following
> measures occurred regarding collection of inmate request
> forms or health service reviews from the medical
> mailboxes. The medical mailboxes would generally be

---

[5] It is unclear from the Joint Supplemental Status Report which
of the remaining interrogatories and requests for production are
disputed. Accordingly, the Court will address any interrogatory
or request for production which has not specifically been noted
as "resolved[.]" Doc. #108 at 8. To the extent the parties have
reached a resolution as to any of the below requests, the Court
does not intend for this ruling to supersede any such agreed-to
resolution. Instead, the Court addresses any request or
interrogatory not specifically identified in the Joint
Supplemental Status Report for purposes of completeness.

emptied or collected by a nurse. A nurse would then triage or sort the contents using a variety of concerns or criteria, including urgency, acuity, medical field or area (including for example dental, mental health, sick call, pharmacy). Sometimes the nurse would respond to the request then if appropriate under the circumstances. If it was appropriate, the requests could lead to an appointment being scheduled with a doctor or other medical professional. This could be scheduled by a clerical scheduler or nurse in the facility or by a doctor him or herself. The inmate could also be scheduled to be seen at sick call. If the request involved pharmacy it could be forwarded to pharmacy for further evaluation. Prescription issues could also be addressed in sick call or in a scheduled doctor's appointment depending upon the circumstances. The determinations listed above would be made based on the given circumstances of a given case.

Doc. #87 at 286-87. As to each subpart, defendant responded that she "has no personal knowledge of any current CMHC practices, if any. See response to interrogatory 23." Id. at 287-92. Plaintiff's issue with that response is twofold. First, plaintiff contends that defendant's assertion that she has no personal knowledge as to current practices is insufficient. See Doc. #92 at 3. The flaw in this assertion is that, here, plaintiff does not challenge current CMHC practices, but rather those that were in place when defendant Lightner was an employee there. Accordingly, defendant's answer is not deficient in that regard. Plaintiff also contends that defendant's answer is "vague" and "does nothing to the main point of the request, i.e. 'delegate, assign and record the collection.'" Doc. #92 at 3.

The Court disagrees. Defendant's answer to interrogatory 23 is sufficient and the Court will require no further response.

Plaintiff seeks to compel additional responses to interrogatory 24 and each of its five subparts. See Doc. #92 at 10-18. Interrogatory 24 asks: "What policy and practices does CMHC, you and medical staff at MacDougall employ to delegate, assign, and record the collection of Inmate Administrative Remedy Form(s), submitted as Health Service Reviews[.]" Doc. #87 at 244. Defendant Lightner objected to interrogatory 24 and each of its subparts on several grounds, including that it is over broad, unduly burdensome, and seeks information that is not proportional to the needs of the case. See Doc. #87 at 115-20. Defendant Lightner provided the same supplemental response to interrogatory 24 as she did to interrogatory 23. See id. at 293-94. As to subparts a. through d., defendant responded that she "has no personal knowledge of any current CMHC practices, if any. See response to interrogatory 24." See id. at 294-97. She additionally responded to subpart d. with the names of persons she believes were involved in the handling and processing of health service reviews from September 13, 2013, through July 2016. See id. at 298-99. As to subpart e., defendant generally referred plaintiff to his medical record and other documents produced in his other federal cases. See id. at 299. For reasons previously stated in connection with interrogatory 23,

defendant's response to interrogatory 24 is generally
sufficient. However, the Court will require defendant Lightner
to supplement her response to interrogatory 24.e. to
specifically identify where in the previously produced documents
plaintiff may locate "the log of the individual responsible for
the handling and processing of the Health Service Review from
September 13, 2013, through July 2016[.]" Doc. #87 at 299. <u>See</u>
Fed. R. Civ. P. 33(d)(1).

### 2. Requests for Production

Request for production (hereinafter "RFP") 1 asks defendant
to produce "any and all documents and tangible materials
identified in any answer to any interrogatories served upon the
defendant by the plaintiff." Doc. #87 at 238. Similarly, RFP 2
asks defendant to produce "any and all documents and tangible
materials used or relied upon by the defendant in preparing
answers to any of the plaintiff's interrogatories." <u>Id.</u>
Defendant objected to both RFPs on the grounds that each is over
broad, unduly burdensome, and seeks information that is not
proportional to the needs of the case. <u>See id.</u> at 237-38. In
response to RFP 1, defendant stated that she would produce "a
copy of plaintiff's criminal history or convictions when
received." Doc. #87 at 238. The Court will require defendant
Lightner to respond to these RFPs regarding her interrogatory
responses. <u>See</u> <u>Ruran v. Beth El Temple of W. Hartford, Inc.</u>, 226

F.R.D. 165, 168 (D. Conn. 2005) ("Certainly, documents identified and relied upon in answering the interrogatories are relevant and not so over broad as to preclude production."); Charter Practices Int'l, LLC v. Robb, No. 3:12CV1768(RNC)(DFM), 2014 WL 273855, at *4 (D. Conn. Jan. 23, 2014) ("Request for production 18 seeks documents the defendant relied on in responding to the interrogatories. The defendant objects on the grounds that the request is overbroad and unduly burdensome. The objections are not well-founded and are overruled. This is an unexceptional discovery request."). The Court will not, however, require defendant to reproduce the documents already produced in plaintiff's other federal cases that are also responsive to RFPs 1 and 2. Rather than reproduce all responsive documents, defendant may respond to RFPs 1 and 2 by identifying the Bates numbers and case numbers of any prior production which is also responsive to these requests.

RFP 3 asks defendant to produce "the most recent employee identification badge photograph(s) taken by the employer, CMHC and DOC, of each medical staff member who was present at any incident(s) described in the complaint and any and all defendants named in the complaint, and all other medical staff from September 13, 2013 through July 2016." Doc. #87 at 237. Defendant objected to this request on several grounds, including that the request is not relevant to plaintiff's claims and poses

"serious safety and security risks[.]" Id. Plaintiff contends
that "[t]he information is relevant to the central issues of
this action, including the identity of defendants[,]" without
any further explanation. Doc. #92 at 19. No John or Jane Does
remain as defendants in this matter, and plaintiff presumably
knows the identity of the three remaining defendants.
Accordingly, the Court sustains defendant's objection to RFP 3
on the ground that it seeks information that is not relevant to
the claims remaining in this case.

Plaintiff takes issue with defendant's response to RFP 6.
The parties represent that the dispute regarding RFP 6 has been
resolved. See Doc. #108 at 8. Accordingly, the Court does not
reach the merits of plaintiff's motion to compel as to RFP 6.

RFP 7 seeks the production of "all photographs and camera
recordings of any scene of the events described or referred to
in the complaint." Id. at 234. Defendant objected to RFP 7 on
several grounds, including that it is over broad, vague, seeks
information that is not relevant to the claims remaining in this
case, and poses safety and security concerns. See id. at 233-35.
Plaintiff generally contends that the information sought is
"relevant to the essential elements of this action." Doc. #92 at
22-23. RFP 7 is over broad as framed. Additionally, the
allegations of the Amended Complaint do not suggest that video
or photographic evidence of the type sought is relevant to

plaintiff's claims. To the extent that previously produced medical records reflect photographs of plaintiff's abdominal hernia, then defendant shall provide a supplemental response which identifies the Bates numbers in previously produced documents where those photographs may be found.

RFP 8 asks defendant to "[p]roduce and identify any and all documents, tangible materials written materials, or other items which may be offered as exhibits at the trial of this case." Doc. #87 at 233. Although defendant provided an "Answer" to this request, see id. at 232-33, the Court will require no further response to RFP 8 as a motion to compel such documents is premature at this stage. Judge Thompson will issue a pre-trial order which will set the deadlines by which the parties are to exchange exhibits.[6] See, e.g., Pouliot v. Paul Arpin Van Lines, Inc., No. 3:02CV1302(DJS), 2004 WL 1368869, at *3 (D. Conn. June 14, 2004) ("[T]he court does not compel Pouliot's disclosure of his trial exhibits at this time. This request could be unduly burdensome in light of the uncertain future date of a trial. The parties will have adequate time to review the various pieces of evidence that are designated for exhibition prior to the start

---

[6] A party may be precluded from introducing testimonial or documentary evidence that was not properly disclosed during the course of discovery. See, e.g., Fed. R. Civ. P. 37(b)(2)(A)(ii).

of trial."). Accordingly, the Court will not require defendant
to further respond to RFP 8.

Plaintiff also takes issue with defendant Lightner's
responses to RFPs 9 and 10. See Doc. #92 at 24-24. The parties
represent that disputes regarding RFPs 9 and 10 have now been
resolved. See Doc. #108 at 8. Accordingly, the Court does not
reach the merits of plaintiff's motion to compel as to RFPs 9
and 10.

RFP 11 seeks the production of "any and all DOC, UCONN or
CMHC records concerning any and all internal, or external,
disciplinary procedures, regardless of the outcome, to which the
defendant(s) has been subjected while employed by any
employee(s) and specifically said employer(s); as a medical
staff member or in any supporting role thereto if any." Doc. #87
at 231. Defendant objected to this request on the grounds that
it is over broad, unduly burdensome, and seeks information that
is not relevant to the claims in this case. See id. Plaintiff
generally contends that the information sought "is relevant to
the central issues of this action." Doc. #92 at 26. The Court
sustains defendant's objections, particularly in light of her
supplemental response to interrogatory 7, which states: "[T]he
defendant has never been disciplined by DOC or CMHC or found
liable in a civil action for deliberate indifference to serious
medical need of an inmate." Doc. #87 at 195.

RFP 12 seeks the production of "any and all records, reports, letters, memoranda, exhibits, photographs and other documents, concerning any internal or external investigation of any of the events or incidents which are the subject of this lawsuit." Doc. #87 at 230. Defendant objected to this request on the grounds that it is over broad, unduly burdensome, and seeks information that is not relevant to the claims in this case. See id. Defendant further objected: "Accusations of past or other misconduct are not relevant and are often ruled to be inadmissible propensity evidence." Id. Plaintiff contends, without explanation, that the information sought "is relevant to the central issues of this action." Doc. #92 at 26. The Court sustains defendant's objections. RFP 12 is overbroad as framed and seeks information that is not proportional to the needs of the case. Indeed, it would appear that the "burden... of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

RFP 13 seeks the production of "a complete compilation of any and all policies and directives of CMHC, for the operative period of September 13, 2013, through July 2016; having to do with or relating in any manner to patient care within the DOC," that relate to 56 categories identified by plaintiff. Doc. #87 at 227-30 (sic). Defendant objected:

These requests are <u>absolutely ridiculous</u>. They are so voluminous, irrelevant, and not proportional that they are abusive and harassing. There can be no good faith basis for plaintiff seeking things such as "procedures in the event of sexual assault" or "intoxication and withdrawal" in this case.

The requests are not relevant to plaintiff's limited deliberate indifference claims related to the alleged lack of treatment of his hernia. Furthermore, the requests seek documents that are not proportional to the needs of this case, as they would encompass information is not related to plaintiff's hernia condition or his medical treatment for that condition.

<u>Id.</u> at 226-27 (sic) (emphasis in original). Plaintiff contends that the information sought "with the exception of 'procedures in the event of sexual assault,' are relevant to the central issues of this action, that on sexual assault, is relevant to another action and if defendant has produced it, he may eliminate it here, although, defendant still attempts to limit discovery relying on another action, as if a group, and then wants to separate the discovery at his whim. Defendant cannot have it both ways." Doc. #92 at 30. Plaintiff fails to articulate how each of the documents sought is relevant to the claims asserted in <u>this</u> case. Indeed, plaintiff concedes that this request seeks some information that is potentially relevant only to a different case. <u>See</u> <u>id.</u> The Court declines to reframe this RFP for plaintiff, which is wildly overbroad and seeks information that is admittedly not relevant to the claims

remaining in this case. Accordingly, the Court sustains
defendant's objections to RFP 13.

RFPs 14 and 15 seek the production of plaintiff's medical
records, including all "electronically stored and generated
medical records and documents relating to the plaintiff[.]" Doc.
#87 at 225. In Harnage I, defense counsel here, who also
represents defendants in Harnage I, represented that plaintiff
had received a full copy of his medical records and that counsel
would request all of plaintiff's electronically stored medical
records. See Harnage I, slip op., Doc. #141 at 9-10. In that
matter the Court further ordered defendants to "produce all URC
requests and responses that relate to plaintiff, including any
emails related to those requests and responses for the time
period of September 2013 through July 2016." Id. at 10. Similar
production is warranted here. The Court will require no further
response to RFPs 14 and 15 from defendant in light of the
production that has already been ordered in plaintiff's other
federal cases, which also covers the time frame and documents
sought here.

RFP 16 seeks the production of "all URC Requests, Denials
and Appeals, by any other inmate at MacDougall, seeking either
the same prescription, the same medical care, or both; either
sought by Harnage or denied to Harnage, as alleged in the
complaint; from September 13, 2013 through July 2016; with the

name of the subject inmate redacted or the documents filed for in-camera review." Doc. #87 at 224 (sic). Defendant objected:

> The requested documents are not relevant to Plaintiff's limited deliberate indifference claims related to the alleged lack of treatment of his hernia. Furthermore, this request seeks documents that are not proportional to the needs of the case, as they would encompass information not related to Plaintiff's condition. These are also not proportional to the needs of the case in that this request would likely require defendant Lightner to violate HIPPA or otherwise compromise the privacy of potentially numerous other inmates, which would also jeopardize safety and security. Thus the burden of producing such documents would outweigh any potential benefit.

Doc. #87 at 224. Plaintiff contends that "[t]he information is relevant to the central issues of this action[,]" without further explanation. Doc. #92 at 33. RFP 16 is overbroad and seeks information that is not relevant to the claims remaining in this case. The Amended Complaint contains no allegations suggesting that plaintiff was denied medical treatment that other inmates received for the same or similar conditions. Nor are there any claims for retaliation asserted in this action. Accordingly, the Court sustains defendant's objections to RFP 16 on the ground that it seeks information that is not relevant to the claims remaining in this case.

RFP 17 seeks the production of "all URC mandates, directives, operational standards, policies, Medication Purchasing Agreements, Line-by-Line Budgetary Expenditures of the URC and CMHC, from September 13, 2013 through July 2016."

Doc. #87 at 223. Defendant objected on several grounds, including that the request seeks documents which are not proportional to the needs of the case and would require defendant to compromise the privacy of numerous other inmates. See id. In Harnage I, the Court ordered the defendants there to produce "for the time period of September 2013 through July 2016, all DOC and CMHC policies relating to URC operative policies and guidelines." Doc. #141 at 10. Accordingly, the Court will require no further production here. Rather, defendant may respond by providing plaintiff with the Bates numbers where this information may be found in the Harnage I production.

RFP 18 seeks the production of "all URC hearing notes, logs and transcripts from September 2013 through July 2016." Doc. #87 at 222. Defendant objected on several grounds, including that the request seeks documents which are not proportional to the needs of the case and would require defendant Lightner to compromise the privacy of numerous other inmates. See id. Plaintiff generally asserts that the information requested is "relevant to the central issues of this action[.]" Doc. #92 at 34. RFP 18 is over broad and seeks information that is not relevant to the claims remaining in this matter. The Court declines to reframe this request on plaintiff's behalf and will not require defendant to respond to this request.

RFP 19 asks defendant to produce "any and all Purchase Orders, Purchasing Agreements, Purchasing Contracts and Per Unit Cost Analysis, from September 13, 2013 through July 2016" for eight specific medications. Doc. #87 at 221-22. Defendant objected on several grounds, including that the request seeks information that is not relevant to the claims in the case. See id. at 221. The Court sustains defendant's objection that this request seeks information that is not relevant to plaintiff's claims, which are now limited to the alleged lack of treatment for his abdominal hernia.

RFP 20 seeks the production of "all manufacturing recommended dosages, usage add side effects for each of the medications described in #19(a) through (h)." Doc. #87 at 220. Defendant objected on several grounds, including that the request seeks information that is not relevant to the claims in the case. See id. The Court sustains defendant's objection that this request seeks information that is not relevant to plaintiff's claims, which are now limited to the alleged lack of treatment for his abdominal hernia.

RFP 21 asks defendant to:

Produce and identify any and all documents, including, but not limited to; Memorandum, Notices, orders or postings issued by CMHC, URC, Dr. Johnny Wu, Rikel Lightner, or any other agent of either, acting in the interests of either or under the orders of either; during the period beginning September 13, 2013 through July 2016; to any medical staff at MacDougall, regarding the

> issuance of prescriptions or medical treatment of
> inmates, the discontinuance of the usage of any
> medications, and the discontinuance of the distribution
> of any medication from Three (3) Times per day, to only
> Twice (2) per day.

Doc. #87 at 219-20 (sic). Defendant objected on several grounds, including that the "request is overly broad in scope and is unduly burdensome[,]" and seeks information that is not relevant to plaintiff's claims. Id. at 219. Plaintiff generally asserts that the information sought is "relevant to the central issues of this action." Doc. #92 at 38. The Court disagrees with plaintiff. As framed, RFP 21 is overbroad and seeks information that is not relevant to the claims remaining in this case. The Court declines to reframe this request on plaintiff's behalf.

RFP 22 asks defendant to: "Produce any and all copies of any and all authorizations for the release of information, any and all documents acknowledging and/or recording the release of medical records and/or any Protected Health Information from the medical records of the plaintiff of James A. Harnage, from September 13, 2013 through July 2016, to any and all third parties, including counsel." Doc. #87 at 218. Defendant objected on several grounds, including that the information sought is not relevant to the claims in the case. See id. The Court will not require defendant to respond to this request as plaintiff has not established that the information sought is relevant to the claims remaining in the case. See Doc. #92 at 39. Additionally,

this request appears duplicative of other requests, as any medical releases should be contained in plaintiff's medical records.

RFP 23 asks defendant to: "Produce and identify any and all documents relating to employee bonuses; incentives; pharmaceutical rebates to either the State, DOC, CMHC, UCONN, or any employee or agent of either, and other such financial statements, and disclosures resulting from the preferred use or prescription to inmates of a drug manufacturers recommended medications and CMHC usage and incentive programs." Doc. #87 at 216. Defendant objected on grounds that RFP 23 is over broad, unduly burdensome, and seeks information that is not relevant to the claims in this case. See id. The Court will not require defendant Lightner to respond to this request as plaintiff has not established how it is relevant to his claims. See Doc. #92 at 40. The claims remaining in the Amended Complaint do not concern employee incentives related to the prescription of drugs.

Thus, for the reasons stated, plaintiff's motion to compel volume four [**Doc. #92**] is **GRANTED, in limited part, and DENIED, in large part.**

### E. Motion to Compel Volume Five [Doc. #93]

Volume five of plaintiff's motion to compel addresses Lightner's responses and objections to requests for production

24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, and 38.

See generally Doc. #93. The Court addresses each in turn.[7]

RFPs 24 and 25 ask defendant to:

Produce and identify any and all documents, used to
assign and record the identity of the medical staff
member who was responsible for emptying and retrieving
the contents of the 'Medical Mailboxes' at the
MacDougall Correctional Institute from September 13,
2013, through July 2016, including but not limited to;
duty rosters, daily schedules, post orders, etc.,
without limit.

Produce and identify any and all documents, used to
assign and record the identity of the medical staff
member, or other such individual; who was responsible
for processing, recording, scanning, responding to and
scheduling appointments for inmates, for either sick
call or doctors appoints; in response to Inmate Request
Forms and Health Service Reviews collected from medical
mailboxes, within each housing unit at MacDougall, for
each and every day from September 13, 2013 through July
2016, including, but not limited to; duty rosters, daily
schedules, post orders, or other such documents, without
limit.

Doc. #87 at 215-16 (sic). Defendant objected to both of these

RFPs on several grounds, including that each is over broad,

unduly burdensome, seeks information that is not relevant to the

claims in this case, and implicates safety and security

concerns. See id. Plaintiff generally contends that the

information sought "is relevant to the central issues of this

---

[7] The Joint Supplemental Status Report makes no reference to
these remaining requests for production. See Doc. #108 at 8.
Again, to the extent that the parties have reached any agreed-to
resolution of these requests, the Court does not intend for this
ruling to supersede those agreements. Rather, the Court
addresses these requests for purposes of completeness.

action[,]" without further explanation. Doc. #93 at 2-3. Plaintiff has not sustained his burden of establishing that the information sought in these requests is relevant to the claims remaining in this matter. Although the Amended Complaint contains allegations related to plaintiff's belief that certain previously named defendants were responsible for receiving and processing requests for medical treatment, see Doc. #23, Amended Complaint at ¶24, ¶26, ¶34, those claims and defendants have since been dismissed. See Doc. #24 at 9. Additionally, RFPs 24 and 25 are over broad as framed. Accordingly, the Court sustains defendant's objections to RFPs 24 and 25 on the grounds that each is over broad and seeks information that is not relevant to the claims in this case.

RFP 26 asks defendant to: "Produce and identify any and all documents identifying the number of inmates at MacDougall between September 13, 2013 and July 2016; who received medications three (3) times per day." Doc. #87 at 214. RFP 27 asks defendant to: "Produce and identify any and all documents which identify the numbers of inmates who received prescriptions dispensed at the 1pm to 2pm medication line, at MacDougall, between September 13, 2013 through July 2016." Id. at 213. Defendant objected to these requests on several grounds, including that they seek information that is not relevant to the claims in this case. See id. at 213-14. Plaintiff contends that

the information sought "is relevant to the central issues of this action." Doc. #93 at 4. Plaintiff does not, however, articulate how the information sought by these requests is relevant to the claims remaining in this case. The number of inmates receiving medications at a particular time or at a particular dosage is not relevant to the remaining allegations of the Amended Complaint. Plaintiff does not allege that he was deprived of medications that were provided to other inmates. Rather, plaintiff challenges the medical care he received for his abdominal hernia. Plaintiff has not sustained his burden of establishing the relevance of the information sought in RFPs 26 and 27. Therefore, the Court sustains defendant's objection to these requests on the ground that each seeks information that is not relevant to the claims in this case.

RFPs 29, 30, 31, 32, 34, 35, 36, 37, and 38 each seeks the production of documents that identify the number of inmates who were prescribed a specific medication at MacDougall between the dates of September 13, 2013, and July 2016. See Doc. #87 at 204-13. Defendant objected to these requests on several grounds, including that these requests seek information that is not relevant to the claims in this case, and implicate documents related to the treatment and care of other inmates. See id. Plaintiff contends that the information sought "is relevant to the central issues of this action[.]" Doc. #93 at 5-14.

Plaintiff does not, however, articulate how the information sought in these requests is relevant to the claims remaining in this case. The number of inmates receiving a specific medication is not relevant to claims remaining in the Amended Complaint as plaintiff does not allege that he was deprived of certain medications that were provided to other inmates. To the contrary, the remaining claims specifically challenge the adequacy of the medical care plaintiff received for his abdominal hernia. Plaintiff has not sustained his burden of establishing the relevance of the information sought in RFPs 29, 30, 31, 32, 34, 35, 36, 37, and 38. Therefore, the Court sustains defendant's objection to these requests on the ground that each seeks information that is not relevant to the claims in this case.

RFP 33 asks defendant Lightner to: "Produce and identify a complete list, or other such document; regarding any and all 'Non-Formulary' prescriptions prohibited by either CMHC or the URC from September 13, 2013, through July 2016." Doc. #87 at 208. Defendant objected to RFP 33 on several grounds, including that this request seeks information that is not relevant to the claims in this case. See id. Plaintiff contends that the information sought "is relevant to the central issues of this action[,]" without further explanation. Doc. #93 at 10. "Rule 34 only requires a party to produce documents that exist at the

time of the request; a party cannot be compelled to create a document for its production." <u>Williams v. City of Hartford</u>, No. 3:15CV00933(AWT)(SALM), 2016 WL 1732719, at *17 (D. Conn. May 2, 2016), <u>adhered to in part on reconsideration</u>, 2016 WL 3102001 (June 2, 2016). Accordingly, to the extent plaintiff seeks an order compelling defendant to create a list of prohibited non-formulary prescriptions, that request is denied. Additionally, plaintiff does not articulate how the information sought in RFP 33 is relevant to the claims remaining in this case. The remaining claims of the Amended Complaint do not implicate the designation of medications by the DOC or CMHC, but rather challenge the adequacy of the medical care plaintiff received for his abdominal hernia. Therefore, the Court sustains defendant's objection to RFP 33 on the ground that it seeks information that is not relevant to the claims in this case.

Thus, for the reasons stated, plaintiff's motion to compel volume five [**Doc. #93**] is **DENIED.**

IV. <u>**Conclusion**</u>

For the reasons stated above:

Plaintiff's motion to compel volume one [**Doc. #87**] is **GRANTED, in limited part, and DENIED, in large part;**

Plaintiff's motion to compel volume two [**Doc. #88**] is **GRANTED, in limited part, and DENIED, in large part;**

Plaintiff's motion to compel volume three [**Doc. #89**] is **DENIED**;

Plaintiff's motion to compel volume four [**Doc. #92**] is **GRANTED, in limited part, and DENIED, in large part**; and

Plaintiff's motion to compel volume five [**Doc. #93**] is **DENIED.**

Defendant Lightner shall provide any supplemental responses required by this ruling on or before **January 18, 2019.**

**The Court does not anticipate granting any further extensions of this deadline. Should defendant Lightner fail to comply with this Order, the Court intends to impose sanctions. Such sanctions may include the entry of default.** <u>See</u> **Fed. R. Civ. P. 37(b)(2)(A)(vi).**

**Finally, the Court will not accept any further discovery-related briefing in this matter. Discovery is CLOSED.**

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. <u>See</u> 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 27th day of

December, 2018.

_____/s/_____

HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
