```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

-------------------------------- x
JAMES A. HARNAGE,                :
                                 :
         Plaintiff,              :
                                 :
v.                               :   Civil No. 3:17-cv-263 (AWT)
                                 :
RIKEL LIGHTNER, et al.,          :
                                 :
         Defendants.             :
-------------------------------- x
```

### ORDER RE PLAINTIFF'S MOTION IN LIMINE

For the reasons set forth below, the plaintiff's Motion in Limine (ECF No. 216) is hereby GRANTED in part and DENIED in part.

**I.   CONVICTIONS FOR SEXUAL ASSAULT**

Under Federal Rule of Evidence 609(a)(1)(A), the plaintiff's felony convictions "must be admitted, subject to Rule 403, in a civil case . . . ." At issue here is the appropriate balance under Rule 403.

The court understands that the statutory name of at least some, and possibly all, of the plaintiff's seven felony convictions that are the basis for the sentence he is currently serving make reference the fact that the criminal offense was against a victim who was a minor. "District courts must . . . undertake an individualized balancing analysis under Rule 609(a)(1) before excluding evidence of the statutory name of a

-1-

witness's crime." United States v. Estrada, 430 F.3d 606, 16 (2d Cir. 2005). In a previous case involving this plaintiff, the court concluded that it would be unduly prejudicial to put before the jury the fact that the plaintiff had been convicted of sexual assault of a minor. There is a distinction between putting before the jury the fact that the plaintiff has been convicted of "sexual assault of a minor" and putting before the jury the fact that the plaintiff has been convicted of "sexual assault, first degree," which is what appears on the inmate information form for the plaintiff. See ECF No. 63-1. In Estrada, 430 F.3d at 618, the court discussed crimes "ranking high on the scale of probative worth on credibility" versus crimes "ranking low on that scale." Citing to Mueller & Kirkpatrick, Federal Evidence § 6.31 at 563, Estrada refers to "crimes that involve evasions of responsibility or abuse of trust" including "even sexual abuse of children" as ranking high on the scale. But Estrada also cites to the following language from another treatise:

> *But see* 28 Wright & Gold § 6134 at 232–33 (noting that for "particularly depraved and offensive acts, such as wanton violence or sexual immorality, the jury is likely to draw the prejudicial inference that the witness is a bad person while at the same time the jury may derive little probative value from the conviction since these crimes say little about credibility" while acknowledging that particularly heinous crimes may be high in probative value insofar as they reflect a rejection of social mores).

430 F.3d at 618.

The court views the discussion in Estrada as a clear indication that the fact of the plaintiff's multiple convictions for sexual assault in the first degree is not inadmissible under Rule 403, but does not see a clear indication as to whether the additional fact that the sexual assaults involved victims who were minors is inadmissible under Rule 403.

The defendant seeks to inform the jury that the plaintiff "is serving a total, effective forty-year sentence that will end on or about 2047, for violent felony convictions that include Sexual Assault in the First Degree." Opp. to Mot. in Limine (ECF No. 63), at 4 (emphasis added). All of that information, with the exception of the reference to the felonies as "violent" is admissible. Use of the word "violent" would be unfairly prejudicial as it adds nothing in terms of probative value on the issue of credibility and only serves to inflame the passions of the jury. The inmate information sheet reflects that sexual assault in the first degree is the "controlling offense" and the plaintiff's record appears to reflect that there were seven related counts of conviction and the plaintiff was convicted on all counts. Once the jury has this information, no additional probative value would be gained by disclosing the additional fact that each criminal offense was against a victim who was a minor—unless there is something in the specifics of the offense

conduct of which the court is not aware—and in any event, the defendant states that he is not seeking to go into the details of the offense conduct. On the other hand, the danger of unfair prejudice resulting from disclosing that each criminal offense involved a victim who was a minor is very high given the strong feelings members of our jury panels have expressed about sexual abuse of children and the fact that stories about such abuse are frequently in the news in this district.

Therefore, the defendant is permitted to introduce evidence that conveys in substance that the plaintiff is serving a total effective 40-year sentence that will end in or about 2047 for seven related felony convictions and that the controlling offenses are sexual assault in the first degree.

The court notes that the defendant has reserved the right to address any topics to which the plaintiff opens the door. Should the defendant conclude that the plaintiff has "opened the door to any additional topics," before going in such topics, the defendant will inform the court and counsel for the plaintiff.

## II.  CONVICTION FOR WRITING BAD CHECKS

The plaintiff has a conviction for larceny in the third degree, which is a Class D felony. The date of conviction is June 24, 1994. Thus, this conviction falls under Rule 609(b) because more than 10 years have passed since both the witness's conviction and his release from any confinement. Under

609(b)(1), the probative value of the conviction, "supported by specific facts and circumstances", must substantially outweigh its prejudicial effect.

Here, the plaintiff testified during his deposition that he wrote bad checks. A person is guilty of larceny in the third degree under Conn. Gen. Stat. § 53a-124a when the person commits larceny, as defined in § 53a-119, and certain other requirements are satisfied. A person may commit larceny, as defined in § 53a-119, in a number of ways. The two that appear relevant to writing bad checks are "obtaining property by false pretenses" and "obtaining property by false promise." See § 53a-119(2) and (3). Thus, the specific facts and circumstances of the plaintiff's conviction for larceny in the third degree are highly probative with respect to propensity for truthfulness. The court concludes that the probative value of such information substantially outweighs its prejudicial effect because plaintiff is one of the two key witnesses in this case.

As to the requirement in Rule 609(b)(2) of written notice, the court concludes that that requirement has been satisfied, inter alia, by the briefing on this issue. The plaintiff has had more than a fair opportunity to contest the use of this conviction.

It is so ordered.

Dated this 13th day of April 2022, at Hartford, Connecticut.

                          /s/AWT
                Alvin W. Thompson
          United States District Judge